NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2018[*]
Decided February 21, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-3886

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v*.<br><br>MATTHEW YORK,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:15-CR-00189-001<br><br>Tanya Walton Pratt,<br>*Judge*. |

**O R D E R**

Matthew York pleaded guilty to possessing a firearm after a felony conviction, *see* 18 U.S.C. § 922(g)(1), and was sentenced to 180 months' imprisonment. In calculating his sentence, the district court found that York's three prior convictions for Indiana burglary qualified as violent felonies under the Armed Career Criminal Act, requiring a minimum sentence of 15 years' imprisonment. *See* 18 U.S.C. § 924(e). York appealed, arguing that Indiana burglary does not qualify as a violent felony because, he contends,

---

[*] We have agreed to decide this case without oral argument because the issues have been authoritatively decided. *See* FED. R. APP. P. 34(a)(2)(B).

it is broader than the generic definition of burglary referred to in the ACCA. But we recently rejected his argument in *United States v. Perry*, 862 F.3d 620 (7th Cir. 2017), *petition for cert. filed* (U.S. Nov. 2, 2017) (17-6681), so we affirm.

The ACCA defines a "violent felony," in relevant part, as a felony "that…is burglary." *Id.* § 924(e)(2)(B)(ii). The term "burglary" in this context refers to "generic" burglary, which the Supreme Court has defined as "an unlawful or unprivileged entry into, or remaining in, a building or other structure with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). Indiana law defines basic burglary in nearly identical terms: "break[ing] and enter[ing] the building or structure of another person, with intent to commit a felony or theft in it." IND. CODE § 35-43-2-1. (Indiana punishes burglaries more severely if additional factors are present, such as burglaries of dwellings, those that result in injuries, or those that involve deadly weapons. *See id.*)

In *Perry*, this court applied the categorical approach to evaluating statutes, *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016), and determined that basic Indiana burglary does not "sweep[] more broadly" than generic burglary. *Perry*, 862 F.3d at 622–23 (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)). Because the offenses categorically matched each other, we deemed basic Indiana burglary convictions valid predicate offenses under § 924(e)(2)(B)(ii). *Id.* at 624. We then relied on *Perry* in *United States v. Foster*, —F.3d—, No. 17-1703, 2017 WL 6168600 (7th Cir. 2017), to rule that when an Indiana burglary conviction involves an additional factor, such as a deadly weapon, *see* IND. CODE § 35-43-2-1 (1986), it also qualifies as a violent felony. We explained that the conviction required the same elements, plus a narrowing aggravating element, as the Indiana burglary statute examined in *Perry*.

York pleaded guilty to illegal possession of a firearm under § 922(g)(1), and his three prior convictions for Indiana burglary necessarily qualify as violent felonies under this court's precedent. His arguments characterizing the Indiana burglary statute as overbroad have been rejected in *Perry* and *Foster*. And we are not persuaded that any reason exists for revisiting our holding in either case.

AFFIRMED