NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0708n.06

No.  12-6352

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Aug 01, 2013**
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JAMES JOHNATHAN ROGERS, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  GIBBONS and WHITE, Circuit Judges; GREER, District Judge.[*]

PER CURIAM.  James Johnathan Rogers appeals the district court's judgment of conviction and sentence.

Rogers was charged with receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  He moved to suppress the evidence obtained during a search of his home as violative of his Fourth Amendment rights on the ground that the Kentucky Attorney General's Office lacked authority under state law to initiate the search because it did not have statutory authority to investigate and prosecute his offense.  After the district court denied the motion to suppress, Rogers pled guilty to receiving child pornography. The district court determined that Rogers's total offense level was 30 and that his criminal history

---

[*]The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

category was I, resulting in a Sentencing Guidelines range of 97 to 121 months of imprisonment. The court sentenced Rogers to 108 months in prison, to be followed by a life term of supervised release.

On appeal, Rogers makes two arguments: (1) the district court should have granted his motion to suppress on the basis that the Kentucky Attorney General's Office initiated the search of his home without properly obtaining jurisdiction over the case under Kentucky law; and (2) the life term of supervised release is substantively unreasonable because the district court placed undue emphasis on the need for punishment and failed to adequately consider the fact that Rogers was unlikely to recidivate.

When reviewing the district court's denial of a motion to suppress, we review its factual findings for clear error and its legal conclusions de novo. *United States v. Evans*, 581 F.3d 333, 340 (6th Cir. 2009). A district court is required to exclude evidence only when it is seized in violation of the Constitution. *United States v. Beals*, 698 F.3d 248, 263 (6th Cir. 2012). "While the states are free to impose rules for searches and seizures that are more restrictive than the Fourth Amendment, those rules will not be enforced in a federal criminal proceeding." *Id.* The district court properly denied Rogers's motion to suppress. The alleged violation of state law did not make the search of Rogers's home constitutionally unreasonable because the search was conducted pursuant to a valid warrant. *See Beals*, 698 F.3d at 264–66; *Guest v. Leis*, 255 F.3d 325, 333–34 (6th Cir. 2001); *United States v. Green*, 178 F.3d 1099, 1104–06 (10th Cir. 1999).

We review the substantive reasonableness of Rogers's sentence under an abuse-of-discretion standard. *See United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008). A sentence may be

substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on an impermissible factor, fails to consider a pertinent sentencing factor, or gives an unreasonable amount of weight to any pertinent factor. *Id.* at 510. We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Congress has authorized lifetime supervision for sexual offenders, including those who violate 18 U.S.C. § 2252, *see* 18 U.S.C. § 3583(k); *United States v. Kennedy*, 499 F.3d 547, 553 (6th Cir. 2007).

The district court did not abuse its discretion by imposing the recommended life term of supervised release. The court explained that a life term was warranted given the amount and nature of the images involved in the crime, Rogers's educational level and prior position as a law enforcement officer, and his efforts to conceal his illegal activity. *See Kennedy*, 499 F.3d at 553. Further, there is nothing in the record to suggest that the court gave improper weight to the need for punishment or failed to adequately consider Rogers's likelihood to recidivate.

Accordingly, we affirm Rogers's conviction and sentence.