# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 15-51069
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARL WADE BAILES,

Defendant-Appellant

————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CR-211-1

————————

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Carl Wade Bailes was convicted by a jury of two counts of distribution of child pornography, one count of receipt of child pornography, two counts of possessing material, i.e., a laptop computer, that contained an image of child pornography, and two counts of production of child pornography. The district court departed downwardly from the advisory guidelines range and sentenced him to a total of 1,620 months in prison.

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51069

Bailes challenges two evidentiary rulings that the district court made at trial.  Bailes argues that the district court erred by allowing the Government to present testimony with regard to his long-term sexual abuse of his daughters and allowing the Government to offer extrinsic evidence on a collateral matter during cross-examination of a character witness.  We review the district court's rulings for an abuse of discretion, subject to harmless-error analysis, *United States v. Cantu*, 167 F.3d 198, 203 (5th Cir. 1999).  For the evidentiary rulings to constitute reversible error, the admission of the evidence must have affected Bailes's substantial rights and actually contributed to the jury's verdict.  *Id.* at 206; FED. R. CRIM. P. 52(a).

The district court did not abuse its discretion in admitting evidence of Bailes's prior sexual abuse of his prepubescent daughters, M.B. and A.B.  The evidence was admissible under Federal Rule of Evidence 414, and its probative value was not substantially outweighed by the danger of unfair prejudice.  *See* FED. R. EVID. 403(b), 414(a).  The evidence reflected Bailes's deviant sexual attraction to young girls and his motive to commit crimes involving the sexual exploitation of children; the evidence was probative as to whether the child pornography found on his computer devices – which depicted acts similar to his conduct with his daughters – was knowingly possessed by him or placed there by mistake, accident, or someone else.  *See United States v. Caldwell*, 586 F.3d 338, 345-46 (5th Cir. 2009).  Further, the evidence was probative as to the charge that he made videos of M.B. and A.B. engaging in sexual acts because it was consistent with, and indicative of, the conduct depicted in the videos and suggested his intent to translate his sexual exploitation of M.B. and A.B. to the production of child pornography involving them.  *See United States v. Hitt*, 473 F.3d 146, 159 (5th Cir. 2006).  The evidence also was relevant as to the issue

2

of identity because Bailes disputed that he was the adult male in the videos of his daughters and was reflective of his modus operandi. *See id.*

The above-detailed probative value of the evidence was not substantially outweighed by the risk of unfair prejudice. *See* FED. R. EVID. 403. Because of the similarity between Bailes's sexual conduct and the activities shown in the videos that were offered at trial, there is no indication that the jury would be distracted or confused or induced to decide the case on an improper basis. *See United States v. Dillon*, 532 F.3d 379, 389 (5th Cir. 2008). The evidence was not so inflammatory as to divert unduly the jury's attention from the issues of the case, which involved graphic evidence as to the child-pornography images that Bailes possessed and distributed and lurid evidence as to the conduct on the videos that Bailes produced. Moreover, the evidence was subject to cross-examination and rebuttal, and the district court instructed the jury that Bailes could be convicted only based upon the acts alleged and the crimes charged. *See United States v. Crawley*, 533 F.3d 349, 355 (5th Cir. 2008).

Bailes likewise is not entitled to relief on his claim that the district court improperly allowed the Government to introduce during the cross-examination of his mother, who testified as to her opinion of Bailes's truthfulness, letters in which Bailes falsely stated that he received a Purple Heart. Even if the letters were improper rebuttal evidence under Federal Rule of Evidence 404(a)(2), and exceeded the inquiry allowed under Federal Rule of Evidence 405(a), any error was harmless. *See Cantu*, 167 F.3d at 203, 206. The evidence of Bailes's guilt – which included, inter alia, the results of forensic reviews of Bailes's computer equipment showing that he possessed images and videos of child pornography, testimony from M.B. and A.B. asserting that Bailes produced child pornography involving them, and evidence of child pornography featuring M.B. and A.B. – was overwhelming. Bailes's credibility was not dispositive or

significant, and, thus, there is no indication that any evidence as to whether he was truthful about receiving a Purple Heart affected the jury's assessment, i.e., Bailes not shown that introduction of evidence that he falsely informed others that he received a Purple Heart affected the jury's evaluation of the evidence and its ultimate determination of his guilt. *See id.* at 206; FED. R. CRIM. P. 52.

Finally, Bailes argues that his sentence was substantively unreasonable. We typically review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46, 49-51 (2007). However, if a defendant fails to challenge the reasonableness of the sentence in the district court, our review is for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Bailes seeks to preserve for possible further review the claim that, for the abuse-of-discretion standard to apply, a defendant need not object to the reasonableness of a sentence after its imposition. We need not resolve the standard of review because Bailes is not entitled to relief even if he preserved a challenge to the substantive reasonableness of his sentence. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The district court made an individualized sentencing decision based on the facts of the case and with reference to the 18 U.S.C. § 3553(a) factors. *See Gall*, 552 U.S. at 49-50. The district court considered the parties' sentencing arguments – including, inter alia, Bailes's claim that a 30-year sentence was adequate and that he should receive a lesser sentence due to his poor health – and granted a downward departure under U.S.S.G. § 5H.11. The district court was authorized to run the sentences for each count consecutively to obtain the aggregate sentence that it found to be appropriate, *see* U.S.S.G. § 5G1.2(d); *United States v. Heard*, 709 F.3d 413, 426 (5th Cir. 2013), and Bailes has failed to show that his sentence was unjustifiably harsh relative to similarly situated

No. 15-51069

defendants nationwide, *see United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006).  Bailes's disagreement with the district court's sentencing decision and its weighing of the § 3553(a) factors is insufficient to rebut the presumption that his sentence was reasonable.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Thus, he has not shown that his sentence is substantively unreasonable.

AFFIRMED.