In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-1703

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOHN FOSTER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:16-cr-00033-SEB-DML-1 — **Sarah Evans Barker**, *Judge.*

ARGUED NOVEMBER 14, 2017 — DECIDED DECEMBER 8, 2017

Before BAUER, EASTERBROOK, and SYKES, *Circuit Judges.*

PER CURIAM. The Armed Career Criminal Act (ACCA), 18
U.S.C. § 924(e), imposes a 15-year minimum sentence on de-
fendants convicted of illegally possessing a firearm, *see id.*
§ 922(g)(1), who also have at least three prior convictions for
a "violent felony" or a "serious drug offense." *Id.* § 924(e)(1).
After John Foster pleaded guilty to illegal gun possession un-
der § 922(g)(1), the district court considered him to have three
such qualifying convictions and sentenced him to 15 years in

prison. Foster does not contest that two of his prior convictions qualify under ACCA. Those convictions were for dealing in methamphetamine (a serious drug offense), and Indiana robbery, a violent felony, *see United States v. Duncan*, 833 F.3d 751, 752 (7th Cir. 2016). Foster argues only that his past conviction for burglary—specifically Indiana's Class B burglary of a dwelling—was not a violent felony and thus he did not have the requisite convictions for the sentencing enhancement. But his argument is foreclosed by *United States v. Perry*, 862 F.3d 620, 624 (7th Cir. 2017), so we affirm.

ACCA defines "violent felony" in relevant part as any felony that "is burglary." 18 U.S.C. § 924(e)(2)(B)(ii). The term "burglary" in § 924(e)(2)(B)(ii), however, refers only to crimes that fit within "generic" burglary, which the Supreme Court has defined as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). Determining whether burglary under a given state's law is a violent felony presents a categorical question that focuses exclusively on the state crime's elements and not on the facts underlying the conviction. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). The state crime's elements must be the same as, or narrower than, the elements of generic burglary, so that the crime covers no more conduct than the generic offense. *Id.*

Foster's conviction is for a Class B felony burglary committed in Indiana in 1988. Indiana's criminal code at the time separated burglary into three classes of felony. Class C was the broadest burglary crime; Class B and Class A punished more severely burglaries committed with specific aggravating facts. The classes were defined as follows:

> A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, and a Class A felony if it results in either bodily injury or serious bodily injury to any person other than a defendant.

IND. CODE § 35-43-2-1 (1986). The word "dwelling" was defined elsewhere in the code as "a building, structure, or other enclosed space, permanent or temporary, movable or fixed, that is a person's home or place of lodging." IND. CODE § 35-41-1-10 (1986); *see also* IND. CODE § 35-31.5-2-107 (2017) (same).

We recently held in *United States v. Perry*, 862 F.3d 620, 624 (7th Cir. 2017), that Indiana Class C burglary is a violent felony because it is at least as narrow as generic burglary. Because Class B burglary is a narrower, more serious offense than Class C burglary, it must therefore also be a violent felony. *See Taylor*, 495 U.S. at 599 (noting conviction under narrower state statute "necessarily implies that the defendant has been found guilty of all the elements of generic burglary"). A Class B burglary conviction is narrower because a defendant must be found guilty of all the elements of Class C burglary, and thus of generic burglary, *plus* another element—that he did so "while armed with a deadly weapon" or in a "building or structure [that] is a dwelling." *See Brown v. State*, 580 N.E.2d 329, 331 (Ind. Ct. App. 1991) ("Burglary as a

class C felony is an inherently included lesser offense of bur-glary as a class B felony.").[1]

To all this Foster replies that the word "dwelling" in the Indiana code is broader than the generic "building or struc-ture" of *Taylor* because Indiana defines "dwelling" to include "other enclosed space[s], permanent or temporary, movable or fixed." But Foster's argument about the breadth of "dwell-ing" reads out of the burglary statute the limitation that the crime is a Class B felony only "if the *building or structure* is a dwelling," IND. CODE § 35-43-2-1 (1986) (emphasis added). Class B burglary requires that the location burglarized be both a "building or structure" *and* a "dwelling." *See Maxwell v. State*, 408 N.E.2d 158, 162 (Ind. Ct. App. 1980) (listing "building or structure" and "dwelling" as separate elements of Class B burglary); INDIANA PATTERN CRIMINAL JURY INSTRUCTION No. 4.17 (same). "Building or structure" is the broader term under Indiana law, and Class C burglary the broader crime. *See Goodpaster v. State*, 402 N.E.2d 1239, 1242 (Ind. 1980) ("[O]ne may burglarize a 'building or structure' without necessarily burglarizing a 'dwelling.'"). Because any burglary of a "building or structure" comprises generic bur-glary, Class B burglary must also be generic.

Furthermore, because only places that are both a "building or structure" and a "dwelling" come within Class B burglary, it does not matter how broadly Indiana defines "dwelling." The definition of dwelling that Foster highlights is a general

---

[1] Although Indiana amended its burglary statute in 1999, between when Foster and Perry were each convicted, the decision in *Perry* did not rely on any amended portion of the statute. Foster does not present, and we have not found, any reason for that amendment to lead to a different result here.

one for Indiana's criminal code. It also applies to statutes that do not share burglary's requirement that the dwelling be a building or structure. *See, e.g.*, IND. CODE § 35-43-1-1 (arson); *id.* § 35-43-2-1.5 (residential entry); *id.* § 35-45-4-5 (voyeurism). Indiana could rationally seek to punish burning, entering, or peeping into dwellings that are not buildings or structures, but not choose to punish breaking into those spaces as any class of burglary. And, just as in *Perry*, Foster has not identified any case in which Indiana prosecuted the burglary of a dwelling that was not a building or structure. *Perry*, 862 F.3d at 624.

Foster concedes that *Perry* correctly decided that all of the locations that Indiana considers to be a "building or structure" are included in the scope of generic burglary. *Perry*, 862 F.3d at 624. So too must the subset of those locations that are also dwellings. Thus *Perry* fully resolves this case: Indiana Class B burglary is a violent felony and the district court therefore properly applied ACCA's enhancement to Foster's sentence.

AFFIRMED.