**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 1, 2017
Decided January 23, 2018

**Before**

RICHARD A. POSNER, *Circuit Judge*\*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-2176

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:14-CR-00177 |
| SHANE SCHMUTTE, | |
| *Defendant-Appellant*. | Sarah Evans Barker, *Judge*. |

**O R D E R**

Defendant-appellant Shane Schmutte pled guilty to possessing a gun as a felon. The district court found that Schmutte had at least three prior convictions for violent felonies under the Armed Career Criminal Act and sentenced him to the mandatory minimum of fifteen years in prison. *See* 18 U.S.C. § 924(e)(1). The issue in this appeal is whether Schmutte's prior Indiana conviction for Class B burglary should count as a

---

\* Circuit Judge Posner participated in the oral argument in this case but retired on September 2, 2017 and did not participate in the decision of this appeal. The appeal is being resolved by a quorum of the panel under 28 U.S.C. § 46(d).

violent felony under the Act. To decide this issue, we must apply the categorical method; the details of Schmutte's actual crime do not matter. See, e.g., *Mathis v. United States*, 136 S. Ct. 2243 (2016).

Class B burglary under Indiana law at the time Schmutte was convicted in 2002 required proof that he broke and entered the building or structure of another person with intent to commit a felony in it, and either that he committed the crime while armed with a deadly weapon or that the building or structure was a dwelling or a structure used for religious worship. Ind. Code § 35-43-2-1(1) (2002) (Indiana recodified its criminal statutes in 2014). The decisive issue is whether Class B burglary qualifies as "generic" burglary under the Armed Career Criminal Act, as interpreted in *Taylor v. United States*, 495 U.S. 575 (1990). *Taylor* held that "generic" burglary is defined as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." 495 U.S. at 598.

We recently held that a conviction for Indiana Class B burglary is categorically a violent felony for purposes of the Armed Career Criminal Act. *United States v. Foster*, 877 F.3d 343 (7th Cir. 2017). *Foster* in turn followed *United States v. Perry*, 862 F.3d 620 (7th Cir. 2017), in which we held that the lesser included offense of Class C burglary under Indiana law also qualifies as a violent felony under the Act. The holding and reasoning of *Foster* apply to appellant Schmutte in this case. He qualifies as an armed career criminal under the act, and the district court properly imposed the mandatory minimum sentence. The judgment of the district court is therefore

AFFIRMED.