In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 22-1926

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PAUL ERLINGER,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:18-cr-00013-JMS-CMM-1 — **Jane Magnus-Stinson**, *Judge.*

_____

ARGUED JANUARY 18, 2023 — DECIDED AUGUST 10, 2023

_____

Before HAMILTON, JACKSON-AKIWUMI, and LEE, *Circuit Judges.*

JACKSON-AKIWUMI, *Circuit Judge.* Paul Erlinger received a prison term of 15 years for illegally possessing a firearm. The district court imposed this mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because Erlinger had three prior convictions for violent felonies—all three of them Indiana burglaries. Erlinger challenges his sentence on two grounds. First, he argues that

Indiana burglary is not a predicate offense under ACCA because the state's definition of burglary is broader than the federal statute. Second, he asserts that the three burglaries were not committed on separate occasions and, in any event, the Sixth Amendment requires a jury, not the judge, to decide this question. The law of our circuit says otherwise on both issues, so we affirm Erlinger's sentence.

## I

In 2018, Erlinger was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He entered a guilty plea and was given an enhanced sentence of 15 years' imprisonment under ACCA, 18 U.S.C. § 924(e), based on his 1991 conviction for Illinois residential burglary, 1991 conviction for burglary in Pike County, Indiana, and two 2003 convictions for dealing in methamphetamine, also in Pike County. The district court subsequently vacated Erlinger's sentence because we later ruled in separate opinions that Illinois residential burglary is not a violent felony under ACCA, *United States v. Glispie*, 978 F.3d 502 (7th Cir. 2020), and Indiana methamphetamine convictions are not serious drug offenses under ACCA, *United States v. De La Torre*, 940 F.3d 938, 952 (7th Cir. 2019). This left Erlinger with only one qualifying prior conviction—or so it seemed—not three as required by ACCA.

At the resentencing hearing, the government argued that Erlinger still qualified for an ACCA-enhanced mandatory minimum sentence because he had other 1991 burglary convictions from Dubois County, Indiana.[1] To prove these

---

[1] The government also relied on the 1991 Pike County burglary to seek the ACCA enhancement again, but the district court disregarded that

convictions, the government supplied a charging document—in this case, an information—for each of the burglaries. Each information charged a different burglary at a different business, and three of them on different dates: April 4, 1991 at Mazzio's Pizza, April 8, 1991 at The Great Outdoors, Inc., and April 11, 1991 at Druther's and Schnitzelbank.[2] The government also supplied the plea entered in those cases.

Erlinger objected. He argued, among other things: (1) the Indiana definition of a burglary is broader than the federal definition of a generic burglary, therefore Indiana burglary does not trigger ACCA; and (2) the Dubois County burglaries were not committed on separate occasions as ACCA requires, and a jury, not the judge, must make that factual determination. The district court overruled Erlinger's objections, found that he previously committed three burglaries on three separate occasions, and imposed an ACCA-enhanced sentence of 15 years. Erlinger appeals.

**II**

We review questions of statutory interpretation and the district court's application of the ACCA enhancement to a defendant's sentence de novo. *United States v. Clay*, 50 F.4th 608, 611 (7th Cir. 2022); *Kirkland v. United States*, 687 F.3d 878, 882

---

charge (despite having apparently accepted it as a predicate at the original sentencing) because the government did not present a judgment of conviction.

[2] Because the informations for Druther's and Schnitzelbank charged that the burglaries occurred on the same date, and an ACCA enhancement requires only three predicate offenses, the district court did not rely on the Druther's burglary.

(7th Cir. 2012). We review factual findings regarding prior convictions for clear error. *Kirkland*, 687 F.3d at 882.

We first address Erlinger's argument that his prior Indiana burglary offenses should not have been used to enhance his sentence under ACCA because Indiana's burglary statute covers more conduct than generic burglary. ACCA mandates a 15-year minimum prison sentence for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies "committed on occasions different from one another." § 924(e)(1). ACCA defines a violent felony, as relevant here, as any offense that is a burglary. § 924(e)(2)(B). "The term burglary in § 924(e)(2)(B)(ii) does not encompass all burglaries, but only generic burglary." *United States v. Perry*, 862 F.3d 620, 623 (7th Cir. 2017) (cleaned). The Supreme Court defines a generic burglary "as an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). The generic offense also includes "burglary of a structure or vehicle that has been adapted or is customarily used for overnight accommodation." *United States v. Stitt*, 139 S. Ct. 399, 403–04 (2018).

Indiana's definition of burglary is "[a] person who breaks and enters the building or structure of another person, with intent to commit a felony in it." Ind. Code § 35-43-2-1 (1990). Our prior cases make clear that Indiana burglary is a generic burglary offense. In *United States v. Perry*, we rejected the defendant's argument that Indiana burglary is overly broad because it "may be committed in outdoor, fenced-in areas." 862 F.3d at 622–24. We held Indiana burglary is a valid predicate offense because it "requires that the defendant enter a *wholly* enclosed area." *Id.* In reaching this conclusion, we specifically

considered the Indiana cases Erlinger cites here. Our opportunity to consider Indiana burglary did not end with *Perry*. Shortly after *Perry*, in *United States v. Foster*, we addressed the defendant's contention that "the word 'dwelling' in the Indiana code is broader than the generic 'building or structure' … because Indiana defines 'dwelling' to include 'other enclosed space[s], permanent or temporary, movable or fixed.'" 877 F.3d 343, 345 (7th Cir. 2017). We again rejected the argument and held Indiana "burglary requires that the location burglarized be both a 'building or structure' and a 'dwelling.'" *Id.*

Recognizing this precedent, Erlinger argues the Indiana statute is broader because it interprets "building or structure" to include boats, cars, and tents. But after we decided *Perry* and *Foster*, the Supreme Court broadened the generic definition of burglary to include "a structure or *vehicle* that has been adapted or is customarily used for overnight accommodation." *Stitt*, 139 S. Ct. at 403–04 (emphasis added). The Supreme Court explained that statutes which criminalize breaking and entering "any boat or vessel, or railroad car" are still beyond the scope of the generic definition if they "refer[] to ordinary boats and vessels often at sea (and railroad cars often filled with cargo, not people), nowhere restricting its coverage, as here, to vehicles or structures customarily used or adapted for overnight accommodation." *Id.* at 407. The Indiana statute does not include the language the Supreme Court deems overly broad, and Erlinger has not cited any Indiana cases that interpret the statute in this manner. We therefore see no basis to hold that the Indiana burglary statute no longer qualifies for the enhanced sentence mandated by ACCA.

We now turn to Erlinger's argument that the district court violated his Sixth Amendment right to a jury trial when it ruled his Dubois County burglaries were committed on separate occasions. Before a district court can impose an ACCA enhancement, a factfinder must determine whether the defendant has at least three prior convictions for serious drug offenses or violent felonies. Those prior convictions must have been "committed on occasions different from one another." § 924(e)(1). We have held that a sentencing judge may make a "separate occasions" finding when deciding the ACCA enhancement. *United States v. Elliott*, 703 F.3d 378, 382 (7th Cir. 2012); *United States v. Hatley*, 61 F.4th 536, 542 (7th Cir. 2023). Erlinger argues, and the government agrees, that *Wooden v. United States*, 142 S.Ct. 1063 (2022), alters this precedent. We disagree.

In *Wooden*, the sentencing court imposed an ACCA sentencing enhancement on a defendant who had ten prior convictions for burglary—one for each storage unit he entered by "crushing the interior drywall" between the units in a single facility on the same evening. *Id.* at 1067. The Supreme Court reversed Wooden's sentence, holding that a defendant can commit multiple sequential crimes as part of a *single* occasion. *Id*. at 1070–71. The Court conducted a "multi-factored" inquiry, examining the timing of the offenses, proximity of location, and "character and relationship of the offenses," to conclude that Wooden's ten burglaries were part of a single criminal act. *Id.* at 1071.

Here, both Erlinger and the government insist that the inquiry articulated in *Wooden* must be conducted by a jury because it requires proof of non-elemental facts about a defendant's prior conviction. *See, e.g.*, *Apprendi v. New Jersey*, 530 U.S.

466, 490 (2000). According to the parties, the district court violated Erlinger's Sixth Amendment right to a trial by jury when it made the finding that Erlinger's Dubois County burglaries were committed on separate occasions. But *Wooden* explicitly did not address whether the "separate occasions" determination must be made by a jury rather than a judge, *see* 142 S.Ct. at 1068 n.3, and we are bound by our prior precedent.[3] In fact, earlier this year in *Hatley*, we likewise observed that *Wooden* expressly reserved the Sixth Amendment issue. 61 F.4th at 542. We affirmed an ACCA sentence enhancement in that case and held that we would continue to follow our precedent. *Id*. We do so again today. The government was not required to prove to a jury beyond a reasonable doubt that Erlinger committed the Indiana burglaries on separate occasions. The government could prove its position to the sentencing judge, and the applicable standard is preponderance of the evidence. *Kirkland*, 687 F.3d at 889.

Having settled that the district court was within its authority to decide the "separate offenses" question, we turn to the decision itself. As instructed by *Wooden*, we must consider timing, proximity of location, and "the character and relationship of the offenses" to determine whether a defendant's sentence should be enhanced under ACCA because the defendant committed qualifying offenses on separate occasions. 142

---

[3] We pause to note that the parties' position is foreclosed by current precedent, but the fact that the government has conceded there is a Sixth Amendment question here and urged that a jury should be deciding these questions demonstrates that this issue is by no means static. So does the Supreme Court's footnote in *Wooden* making it clear the Court was not addressing the Sixth Amendment question. We may one day be called upon to revisit our precedent permitting a judge to make these determinations.

S. Ct. at 1071. In this case, three charging documents for Erlinger's Dubois County burglaries allege that the felonies took place on three different dates and at three different businesses—again, April 4, 1991 at Mazzio's Pizza, April 8, 1991 at The Great Outdoors, Inc., and April 11, 1991 at Schnitzelbank. *See id.*, 142 S. Ct. at 1071 ("In many cases, a single factor—especially of time or place—can decisively differentiate occasions. Courts, for instance, have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a 'significant distance.'"). Erlinger pleaded guilty to each charge. With the *Wooden* criteria in mind, we agree with the district court's conclusion that Erlinger's Dubois County burglaries were committed on different occasions.

Erlinger supplied no argument or evidence that would cast doubt on this conclusion, and the resentencing hearing was his opportunity to do so. Erlinger did argue in the district court and here that Indiana's charging documents may not always be accurate or reliable. His point is well taken. But here, the unequivocal nature of the charging documents about the different dates of the offenses charged (there is no "on or about" language, as the district court noted), plus Erlinger's guilty plea to each charge, are sufficient to show by a preponderance of the evidence that the offenses were committed on separate occasions. *See, e.g.*, *United States v. Cardenas*, 217 F.3d 491, 492 (7th Cir. 2000) (holding two sales of crack cocaine on the same day were "separate and distinct episodes" because "[w]hile Cardenas sold the crack cocaine to the same people, the sales were separated by forty-five minutes and a half a block."); *United States v. Godinez*, 998 F.2d 471, 473 (7th Cir. 1993) (a kidnapping and a robbery were not a "single occasion" where the defendant "committed his crimes against

different victims, in different places, more than an hour apart" (internal quotation marks omitted)).

We **AFFIRM** Erlinger's sentence.