RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 26a0003p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

No. 24-6152

*v.*

JASON FLORENCE,

*Defendant-Appellant*.

Appeal from the United States District Court for the Western District of Kentucky at Louisville.
No. 3:23-cr-00053-1—Charles R. Simpson III, District Judge.

Argued: December 9, 2025

Decided and Filed: January 8, 2026

Before: MOORE, CLAY, and WHITE, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Joshua M. Reho, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Louisville, Kentucky, for Appellant. Amanda E. Gregory, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee. **ON BRIEF:** Frank W. Heft, Jr., Aaron M. Dyke, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Louisville, Kentucky, for Appellant. Danielle M. Yannelli, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee.

_____

## OPINION

_____

KAREN NELSON MOORE, Circuit Judge. A jury convicted Jason Florence of one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Prior to trial, the parties stipulated that Florence was previously convicted of

possession and attempted possession of child pornography in 2015 and that Florence was on supervised release at the time of the conduct giving rise to the instant offense.  At sentencing, the district court judge determined that Florence's prior conviction rendered him subject to a statutory mandatory-minimum sentence of ten years' imprisonment under 18 U.S.C. § 2252A(b)(2).  The court subsequently sentenced Florence to that minimum followed by a life term of supervised release.

On appeal, Florence argues that his Fifth and Sixth Amendment rights under *Alleyne v. United States* and *Erlinger v. United States* were violated by the failure to charge his prior conviction in the indictment and submit the fact of his prior conviction to the jury.  He further argues that the district court erred by allowing his probation officer to testify about whether the officer believed that Florence was truthful when Florence told him about the provenance of the cell phone on which the child pornography was found.  Finally, Florence challenges the district court's imposition of a life term of supervised release as both procedurally and substantively unreasonable.  For the reasons below, we **AFFIRM** the judgment of the district court.

## I.  BACKGROUND

In September 2022, Jason Florence was on supervised release for a 2015 federal child-pornography conviction and was living in a transitional house in Louisville with others who had committed similar offenses.  R. 58 (Trial Tr. Vol. 1 at 141–42) (Page ID #479–80).  The conditions of Florence's supervised release prohibited him from possessing any computer (including a cell phone) without his probation officer's knowledge and ability to access the computer and monitor Florence's activity.  *Id.* at 140–41 (Page ID #478–79); R. 34-2 (Stipulation of Fact) (Page ID #148).  On September 1, Florence's probation officer, Kyle McGowan, arrived at the transitional house for an unscheduled home visit.  R. 58 (Trial Tr. Vol. 1 at 160) (Page ID #498).  McGowan entered Florence's bedroom and asked to review Florence's viewing history on his TV.  *Id.* at 143 (Page ID #481).  While searching for the TV remote, Florence pulled back the covers on his bed, and McGowan saw "a smartphone, a Samsung phone" that he "was unaware that [Florence] possessed."  *Id.*  McGowan took possession of the phone and began questioning Florence about it.  *Id.* at 144 (Page ID #482).  Florence stated that he had the phone for about six months and had received it from his landlord.

*Id.* at 145 (Page ID #483). McGowan unlocked the phone using a ten-digit passcode provided by Florence and found a file containing adult pornography. *Id.* at 148–49 (Page ID #486–87). McGowan also saw the app DuckDuckGo, which allows web searching without recording the search history and which Florence told McGowan he used to search the Internet. *Id.* at 149 (Page ID #487). McGowan confiscated the phone and turned it over to the Secret Service to conduct a forensic analysis. *Id.* at 156–57 (Page ID #494–95).

The forensic analysis revealed evidence of child pornography on the phone. Secret Service Agent Aaron Gabhart testified that he found over one hundred images, including multiple images of the same prepubescent girls, and two videos depicting child pornography. R. 59 (Trial Tr. Vol. 2 at 59–70) (Page ID #569–80). Both of the videos and some of the images were located in the cache files for MEGA, an encrypted file-sharing application. *See id.* at 65–67 (Page ID #575–77). One video was over an hour in length and the other was about eleven minutes long. *Id.* at 69–70, 73 (Page ID #579–80, 583). The images and videos were accessed on August 30, 2022. *Id.* at 61–63, 107 (Page ID #571–73, 617). There were several Gmail email accounts on the phone, including "jasonutube1975@gmail.com," which Google records revealed was associated with the subscriber name "Jason Minogue." *Id.* at 44–45 (Page ID #554–55). McGowan testified that Florence's middle name is Minogue and that Florence was born in the year 1975. R. 58 (Trial Tr. Vol. 1 at 153–54) (Page ID #491–92). Agent Gabhart also located on the phone several web searches suggesting a desire to conceal device activity, internet cookies indicating that anonymous file-sharing websites were accessed, and installed applications geared toward privacy. R. 59 (Trial Tr. Vol. 2 at 48–54) (Page ID #558–64).

Florence was charged with and proceeded to a jury trial on one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Prior to trial, the parties stipulated and agreed to the fact of Florence's 2015 conviction and to the terms of Florence's supervised release from that conviction. R. 34-1 (Page ID #146); R. 34-2 (Page ID #148). They also stipulated to the chain of custody regarding the phone; to the accuracy of the phone extraction; and that the phone was a means or facility of interstate commerce and the images and videos depicting child pornography found on the phone were transported using a means or facility of interstate commerce. R. 34 (Page ID #144); R. 37 (Page ID #152). Trial

lasted two days, after which the jury returned a guilty verdict on the sole count of the indictment. R. 39 (Jury Verdict) (Page ID #175).  The jury also found beyond a reasonable doubt by special verdict that the child pornography "depicted a minor who was under 12 years old."  R. 39-1 (Verdict Form B) (Page ID #176).  The district court held a combined hearing on revocation of supervised release for Florence's 2015 conviction and sentencing for his conviction in the instant case on November 19, 2024.  R. 56 (Sentencing Tr.).

> The statute of conviction prescribes the following penalties:

> Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years, or if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under the Uniform Code of Military Justice or the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

18 U.S.C. § 2252A(b)(2).

Prior to sentencing, Florence objected to probation's recommendation in the presentence investigation report that the statutory mandatory minimum apply based on his 2015 conviction. Florence argued that, under *Erlinger v. United States*, 602 U.S. 821 (2024), the jury was required to find beyond a reasonable doubt that his prior conviction was for a predicate offense under the statute.  R. 47 (Def.'s Sent'g Mem. at 1–3) (Page ID #253–55).  According to Florence, although he stipulated to his previous convictions, that did not obviate the need for an additional factual finding by the jury that the prior convictions qualified as predicate offenses.  *Id.*  Florence renewed that objection at sentencing.  *See* R. 56 (Sent'g Tr. at 3–4) (Page ID #315–16).  The district court overruled the objection, stating that *Erlinger* requires that the jury determine facts that may enhance the punishment, but under *Almendarez-Torres*, the court is allowed "to make the [legal] determination that the prior conduct . . . was under Chapter 110."  *Id.* at 5–7 (Page ID #317–19).  The district court therefore found that the mandatory minimum applied.  *Id.*  Given that ruling, Florence argued for a 120-month term of imprisonment and a ten-year term of

supervised release.  *Id.* at 8–9 (Page ID #320–21).  As to the term of supervised release, defense counsel argued that Florence was subject to a lengthy prison sentence, had previously successfully completed sex-offender treatment, and would be of advanced age by the time he was released from prison.  *Id.* at 9 (Page ID #321).  The district court sentenced Florence to 120 months' imprisonment followed by a life term of supervised release.  *Id.* at 11 (Page ID #323); R. 51 (Judgment at 1–4) (Page ID #269–72).  The judge stated that he had "considered the [18 U.S.C. §] 3553(a) factors," R. 56 (Sent'g Tr. at 12) (Page ID #324), emphasizing that Florence was a repeat offender who committed a serious offense that he apparently attempted to conceal, *id.* at 10–12 (Page ID #322–24).  Florence timely appealed.

## II.  ANALYSIS

### A.  Application of Statutory Mandatory Minimum

Florence argues that the Fifth and Sixth Amendments required the indictment to charge the fact of his prior conviction and the jury to find that fact beyond a reasonable doubt, and that, because they did not do so, his conviction cannot stand.  His argument is unavailing.  It is true as a general proposition that "[v]irtually 'any fact' that 'increase[s] the prescribed range of penalties to which a criminal defendant is exposed' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." *Erlinger v. United States*, 602 U.S. 821, 834 (2024) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)) (second alteration in original).  But the Supreme Court carved out a "narrow" and specific exception to this rule in *Almendarez-Torres*, "permitt[ing] a judge to undertake the job of finding the fact of a prior conviction."  *Id.* at 837 (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 246–47 (1998)).  *Erlinger* did not overrule *Almendarez-Torres*, *id.* at 837–38, and the instant case falls within that exception.  Indeed, Florence *stipulated* to the fact of his prior conviction.  The district court therefore did not violate Florence's constitutional rights by finding the fact of Florence's prior conviction and applying the mandatory-minimum sentence under 18 U.S.C. § 2252A(b)(2).

The Supreme Court has long held that the Fifth and Sixth Amendments require that each element of a crime be set forth in an indictment and proved to a jury beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 364 (1970); *Hamling v. United States*, 418 U.S. 87, 117–18

(1974); *Patterson v. New York*, 432 U.S. 197, 215–16 (1977).  Because any fact that increases the statutory-maximum or mandatory-minimum sentence for an offense constitutes an "element" of the offense, such facts, too, must be found by a jury.  *Apprendi*, 530 U.S. at 490; *Alleyne v. United States*, 570 U.S. 99, 114–16 (2013).  This general rule stands against a narrow exception the Supreme Court earlier announced in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *Almendarez-Torres* addressed 8 U.S.C. § 1326, which prohibits illegal reentry into the United States by someone who was previously deported.  523 U.S. at 229.  A base violation of the statute is punishable by up to two years' imprisonment.  8 U.S.C. § 1326(a).  If the offender was previously deported subsequent to a felony conviction, however, the maximum sentence is ten years, *id.* § 1326(b)(1), and in the case of an aggravated felony conviction, twenty years, *id.* § 1326(b)(2).  The Court held that the fact of an offender's prior conviction under subsections (b)(1) or (b)(2) was a sentencing factor, not an element, and thus did not have to be charged in the indictment.  523 U.S. at 235, 247.  The Court has since upheld *Almendarez-Torres* while repeatedly underscoring its limited scope.  *See Jones v. United States*, 526 U.S. 227, 248–49 & n.10 (1999); *Apprendi*, 530 U.S. at 487 (stating that *Almendarez-Torres* "represents at best an exceptional departure from . . . historic practice"); *Alleyne*, 570 U.S. at 111 n.1 (recognizing but declining to revisit *Almendarez-Torres*'s narrow exception).  Despite criticism, *see Erlinger*, 602 U.S. at 837–38, *Almendarez-Torres*, and the narrow rule for which it stands, remains the law of the land.

Contrary to Florence's assertion, the Supreme Court's recent decision in *Erlinger v. United States* does not require a different conclusion in this case.  In *Erlinger*, the Court distinguished the bare fact of a prior conviction, which may be found by a judge per *Almendarez-Torres*, from the attendant fact of whether the offenses underlying prior convictions were committed on separate occasions under the Armed Career Criminal Act (ACCA).  *Erlinger*, 602 U.S. at 838–39.  Under ACCA, an individual found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is subject to a mandatory-minimum sentence of fifteen years if they have "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  Erlinger pleaded guilty to being a felon in possession, and a district court judge in the Southern District of Indiana sentenced him to the fifteen-year mandatory minimum in light of three prior convictions.

*Id.* at 826.  Shortly thereafter, the Seventh Circuit held "that two of the three offenses on which the district court had relied to invoke ACCA did not qualify as 'violent felon[ies]' or 'serious drug offense[s].'"  *Id.* (alterations in original) (quoting 77 F.4th 617, 619 (7th Cir. 2023)).  The district court thus vacated Erlinger's sentence and set the case for a new sentencing hearing.  *Id.*  The government again pursued the fifteen-year mandatory minimum, relying on a different set of prior convictions for a string of burglaries that Erlinger had committed across several days decades earlier.  *Id.*  The government argued that the burglaries occurred on different occasions and therefore counted as separate ACCA predicates.  *Id.* at 826–27.  Erlinger countered that those burglaries in fact were part of a "single criminal episode" and argued that he was entitled to have a jury make that assessment.  *Id.* at 827.  The district court "rejected Mr. Erlinger's request for a jury" and itself found that each burglary occurred on different occasions and so there were at least three ACCA-qualifying offenses warranting the fifteen-year mandatory minimum. *Id.*

The Supreme Court held Erlinger was entitled under the Fifth and Sixth Amendments to have the separate-occasions ACCA inquiry resolved by a jury unanimously and beyond a reasonable doubt.  *Id.* at 835.  The Court declined to revisit or overrule *Almendarez-Torres*, while recognizing that the decision had come under fire.  *Id.* at 838.  The Court emphasized that under the *Almendarez-Torres* exception, "a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of,'" *id.* (quoting *Mathis v. United States*, 579 U.S. 500, 511–12 (2016)), and that it has "reiterated this limit on the scope of *Almendarez-Torres* over and over, to the point of downright tedium," *id.* (citation modified).  *Almendarez-Torres* did not "save the sentence" in *Erlinger*, the Court reasoned, because "[t]o determine whether Mr. Erlinger's prior convictions triggered ACCA's enhanced penalties, the district court had to do more than identify his previous convictions and the legal elements required to sustain them.  It had to find that those offenses occurred on at least three separate occasions."  *Id.* at 838–39.

The district court's findings in the instant case fall squarely within the *Almendarez-Torres* exception as explained in *Erlinger*.[1]  Florence stipulated that "[o]n September 27, 2015" he "was convicted of . . . Attempted transportation of child pornography 18 U.S.C. § 2252A(a)(1) and (b)(1)" and "Possession of child pornography 18 U.S.C. § 2252A(a)(5)(B) and (b)(2)."  R. 34-1 (Stipulation of Fact) (Page ID #146).  At sentencing, the district court noted the stipulation and found that these convictions "w[ere] under Chapter 110."  R. 56 (Sent'g Tr. at 6) (Page ID #318).  This was permissible under *Almendarez-Torres*.  Florence argues that the relevant inquiry involves two steps: first, whether Florence was convicted of an offense, and second, whether that offense is a qualifying predicate offense under § 2252A.  He protests that he stipulated only to the former, not the latter.  D. 19 (Appellant Br. at 14); D. 28 (Reply at 4, 7–8).  While this two-step process may accurately describe other cases,[2] such bifurcation is illusory here.  Because Florence's prior conviction was for federal offenses under Chapter 110, the district judge was essentially required to match numbers.  He had to look no further than the table of contents of the U.S. Code to determine that Florence "ha[d] a prior conviction under [chapter 110]" and thus was subject to the ten-year mandatory minimum.  18 U.S.C. § 2252A(b)(2).

Florence's argument that the indictment was constitutionally defective fails for the same reasons.  The Court in *Almendarez-Torres* explicitly held that the government need not allege a defendant's prior conviction in the indictment.  523 U.S. at 243; *see also, e.g., United States v. Smith*, 881 F.3d 954, 960 (6th Cir. 2018) ("[T]he [*Almendarez-Torres*] Court held that a

---

[1]The few circuits to consider a challenge to *Almendarez-Torres* since *Erlinger* have expressly held that the latter did not disturb the narrow exception carved out in the former.  *See, e.g., Lairy v. United States*, 142 F.4th 907, 914 n.4 (7th Cir. 2025) ("We recognize that the Supreme Court has questioned this exception, but it still remains good law."); *United States v. Lopez-Villegas*, No. 24-10736, 2025 WL 973173, at *1 (5th Cir. Apr. 1, 2025) ("Regardless of the Supreme Court's supposed signaling . . . the Supreme Court has not yet overruled [*Almendarez-Torres*].");  *United States v. Martin*, No. 24-2540, 2024 WL 5102858, at *2 (3d Cir. Dec. 13, 2024) (rejecting argument that *Erlinger* changed the application of *Apprendi* and *Almendarez-Torres* and noting that, in *Erlinger*, "[t]he Court . . . re-stated the exception to [the] general rule, which is that judges may find the fact of a prior conviction" (citation modified)).

[2]In many other cases, a defendant was previously convicted for *state* offenses of which the district judge must first identify the elements in order to determine whether they serve as predicate offenses under the applicable mandatory-minimum statute.  *See, e.g., United States v. Davis*, 751 F.3d 769, 772–74 (6th Cir. 2014); *United States v. Mateen*, 806 F.3d 857, 859–63 (6th Cir. 2015); *United States v. Williams*, No. 22-5540, 2024 WL 712470, at *4 (6th Cir. Feb. 21, 2024).

sentencing court may use the fact of a defendant's recidivism to increase his sentence even if the defendant's prior convictions are neither alleged in the indictment nor found by a jury beyond a reasonable doubt."); *United States v. Walker*, 761 F. App'x 547, 551–52 (6th Cir. 2019) ("*Almendarez-Torres* renders [the defendant's] argument" that his indictment was defective because it failed to allege his prior conviction "dead on arrival").  Additionally, the indictment here in fact cited 18 U.S.C. § 2252A(b)(2), the penalty provision of the statute, R. 1 (Indictment at 1) (Page ID #1), and identified the minimum term of imprisonment as ten years, *id.* at 2 (Page ID #2).   *Cf. Walker*, 761 F. App'x at 551–52 (holding that an indictment for a 21 U.S.C. § 841(a)(1) violation was not constitutionally defective even though it did not specifically reference the penalty provision of the statute).  The indictment alleged all the elements of the offense for which Florence was charged and convicted.  It therefore was not defective.

**B.  Admission of Probation Officer's Testimony**

Florence next argues that the district court erred in permitting (over defense counsel's objection) Florence's probation officer, McGowan, to testify that he did not believe Florence when he told McGowan that he had obtained the phone from his landlord.  D. 19 (Appellant Br. at 22–25).  We need not address the merits of this contention because we conclude that any such error was harmless.  *See United States v. Agrawal*, 97 F.4th 421, 429 (6th Cir. 2024).  Under Federal Rule of Criminal Procedure 52(a), courts are to "disregard[]" "[a]ny error, defect, irregularity, or variance that does not affect substantial rights."  We have sometimes described the harmless-error test as asking "whether the government has shown 'by a preponderance' of the evidence that the claimed error did not affect the verdict." *Agrawal*, 97 F.4th at 429 (quoting *United States v. Kettles*, 970 F.3d 637, 643 (6th Cir. 2020)).  Other times, we have asked "whether the trial record provides 'fair assurance' that the alleged error did not 'substantially sway[]' the verdict." *Id.* (alteration in original) (quoting *Kettles*, 970 F.3d at 643); *see also United States v. Hinojosa*, 67 F.4th 334, 342 (6th Cir. 2023).  Under either formulation, the alleged error here was harmless.

The government presented overwhelming evidence that Florence knowingly possessed the cell phone with the knowledge that it contained child pornography.  The phone was found in Florence's possession, in a location suggesting an intent to hide it.  Florence knew the passcode

to open the phone and told McGowan that he had possessed it for about six months. He also told McGowan that he used the phone to access the Internet. Agent Gabhart testified that an email address containing Florence's first name and birth year was associated with the phone, and that the child pornography on the phone had been accessed in the six months Florence admitted the phone was in his possession. Against this evidence, the alleged error "would not have made a difference." *Agrawal*, 97 F.4th at 430. McGowan's statement that he did not believe Florence comprised only a brief moment in his testimony and was not repeated or revisited. *Cf. United States v. Blankenship*, 789 F. App'x 362, 364 (4th Cir. 2019) (noting that error that permitted the government to call a bolstering character witness was harmless where the testimony of that witness "lasted approximately five minutes and occupie[d] just four pages of transcript"). We thus conclude that any error in admitting the challenged testimony was harmless. *See United States v. White*, 492 F.3d 380, 405 (6th Cir. 2007) (finding harmless error where "the government adduced overwhelming evidence of [the] [d]efendants' guilt at trial beyond that testimony erroneously admitted by the district court"); *see also United States v. Tom*, 330 F.3d 83, 95 (1st Cir. 2003); *United States v. Bailes*, 665 F. App'x 340, 342 (5th Cir. 2016).

## C. Procedural and Substantive Reasonableness of Florence's Sentence

Florence finally argues that the district court's imposition of a life term of supervised release was procedurally and substantively unreasonable. His argument fails on both counts.

### 1. Procedural Reasonableness

Florence concedes that he failed to preserve any objection as to the procedural reasonableness of his term of supervised release. D. 19 (Appellant Br. at 25). We therefore review for plain error. *See United States v. Hoyle*, 148 F.4th 396, 402–03 (6th Cir. 2025). To establish plain error, Florence "must show (1) error (2) that was obvious or clear (3) that affected his substantial rights and (4) that affected the fairness[,] integrity, or public reputation of the judicial proceedings." *United States v. Mooney*, 135 F.4th 486, 495 (6th Cir. 2025). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on

clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court did not plainly err in explaining the basis for its decision to impose a life term of supervised release. Florence argues that the district court did not adequately explain its reasoning—in particular, he faults the district court for not considering Florence's history and characteristics, 18 U.S.C § 3553(a)(1), including several facts he asserts militate in favor of a shorter term of supervised release. D. 19 (Appellant Br. at 26–29). The entirety of the district court's explanation was as follows:

> Well, I am familiar with the case. I mean, we did have a trial here, and I remember it well, and I will indicate that I've considered the advisory guidelines as well as the 3553(a) factors.

> This is, you know, a disturbing case. I think certainly because the defendant is a repeat offender, and then there is the attempt, in my view to—at least not a successful attempt, but the attempt to conceal the evidence that was found on his bed underneath the covers, and—so it seems that there is, you know, a repeat conduct here, which is very concerning to the Court.

> The need for the sentence to reflect the seriousness of the offense and to, you know, provide some goal here for people who might want to engage in this kind of conduct, and the fact that the defendant was on a term of supervised release when all of this occurred is concerning to the Court. . . . Considering all those factors and the 3553(a) items, which I've alluded to here but not gone through a litany list of them, but the factors that I see and remember from the trial convince the Court that the judgment in this case should be and is that the defendant is [ordered imprisoned for 120 months as to Count 1].

> Upon release, the defendant is going to be placed on supervised release for a term of life as to Count 1 . . . .

> As indicated, I've considered the 3553(a) factors, the seriousness of this offense, the facts involving the discovery of the incriminating evidence, the repeat conduct by the defendant while on a term of supervised release for a similar offense earlier. . . .

As regard to the [term of supervised release], I think given the fact that a defendant has been a repeat offender and offended while on supervised release for the similar offense, that a life term of supervised release is appropriate in this case.

R. 56 (Sent'g Tr. at 10–13) (Page ID #322–25).

Although the district court's explanation was brief, it was sufficient. A sentencing judge must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority. . . . [W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356–57 (2007). Here, the judge's statements at sentencing indicate that he considered Florence's status as a repeat offender—one who had re-offended while serving a prior term of supervised release—to warrant a life term of supervised release for the instant offense. True, the district judge did not specifically address defense counsel's arguments about Florence's prior completion of sex-offender treatment and older age upon his release from prison, *see* R. 56 (Sent'g Tr. at 9) (Page ID #321), but the sentencing court "is not required to explicitly address every mitigating argument that a defendant makes, particularly when those arguments are raised only in passing," *United States v. Madden*, 515 F.3d 601, 611 (6th Cir. 2008). One can reasonably conclude from the district court's repeated emphasis on Florence's recidivism that the judge was not particularly persuaded by Florence's having successfully completed sex-offender treatment before. On appeal, Florence also raises as mitigating factors his mental-health diagnoses and treatment, history of employment, and lack of alcohol or drug abuse. But he did not make those arguments at sentencing, and a sentencing judge "is clearly not required to address arguments that are not even raised." *United States v. Brooks*, 628 F.3d 791, 798–99 (6th Cir. 2011).

To be sure, the district court's pronouncement was less than ideal. While the district court stated that it had considered the § 3553(a) factors, it did not list them or discuss them at length. And under our caselaw, although a sentencing judge need not explicitly discuss each sentencing factor, "the record must show that the judge actually considered" them. *United States v. Ferguson*, 518 F. App'x 458, 467 (6th Cir. 2013). "Thus, while something less than a factor-by-factor recitation is acceptable, something more than a simple and conclusory judicial

assertion that the court has considered 'the nature and circumstances of the offense and the history and characteristics of the defendant' is essential." *Id.* Here, the judge did not even mention the phrase "history and characteristics" or reference the presentence investigation report. Nonetheless, under circuit precedent, and given the within-Guidelines sentence imposed, the district court did not plainly err in its explanation. *United States v. Vonner*, 516 F.3d 382, 386–88 (6th Cir. 2008) (en banc); *see also, e.g.*, *United States v. Harmon*, 593 F. App'x 455, 468–69 (6th Cir. 2014) (affirming life term of supervised release and reasoning that "[b]ecause the life term of supervised release was consistent with guideline recommendations, an extensive explanation was not required in this case"); *United States v. Babcock*, 753 F.3d 587, 592–93 (6th Cir. 2014).

## 2. Substantive Reasonableness

Florence also contends that his life term of supervised release is substantively unreasonable. We review for abuse of discretion the substantive reasonableness of a sentence. *United States v. Whitson*, 77 F.4th 452, 462 (6th Cir. 2023). "In reviewing for substantive reasonableness, we must consider the sentence imposed in light of 'the totality of the circumstances . . . .'" *United States v. Johnson*, 640 F.3d 195, 202 (6th Cir. 2011) (quoting *Gall*, 552 U.S. at 51). Within-guidelines sentences are afforded a "rebuttable presumption of substantive reasonableness." *United States v. Sears*, 32 F.4th 569, 576 (6th Cir. 2022). Under 18 U.S.C. § 3583(k), the district court was authorized to impose a term of supervised release of five years to life. The Guidelines specifically recommend a life term for sex offenses. U.S. Sent'g Guidelines Manual § 5D1.2(b)(2) (U.S. Sent'g Comm'n 2024); *see also United States v. Kennedy*, 499 F.3d 547, 553 (6th Cir. 2007) (stating that Congress has "insist[ed] that lifetime supervision be available to courts in sentencing sexual offenders"). Florence's term of supervised release was thus within the Guidelines.

Florence argues that the district court placed too much weight on Florence's prior conviction and too little on his mental-health treatment and age upon release, as well as on sentencing data demonstrating lower average terms of supervised release imposed for other individuals convicted of the same offense. D. 19 (Appellant Br. at 31–33). This argument falls short for much the same reasons as his procedural-reasonableness argument. The district judge's

sentencing colloquy demonstrates that he heard the arguments of counsel and determined that Florence's recidivism while already on supervised release warranted imposition of a life term of supervised release in order to deter Florence, and others, from committing future crimes and to protect the public.  Moreover, the district court's inclusion of mental-health treatment as a special condition of supervised release "is a strong indication that the court considered, and gave weight to, the state of [Florence's] mental health."  *United States v. Burnette*, 414 F. App'x 795, 801 (6th Cir. 2011); *see* R. 56 (Sent'g Tr. at 11) (Page ID #323) (stating that Florence must abide by special conditions including "sex offender treatment" and "mental health treatment").  In light of the totality of the circumstances, the district court did not abuse its discretion in imposing a life term of supervised release.  *See, e.g.*, *Burnette*, 414 F. App'x at 801–02 (concluding that life term of supervised release was not substantively unreasonable); *Kennedy*, 499 F.3d at 553 (same); *United States v. Rogers*, 531 F. App'x 597, 598–99 (6th Cir. 2013) (per curiam) (same).

## III.  CONCLUSION

For the reasons set forth above, we **AFFIRM** the judgment of the district court.