12 F.3d 216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfred WITT, Petitioner-Appellant,
v.
John PRELESNIK, Respondent-Appellee.
 No. 92-2354.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1993.
 
 Before: GUY and RYAN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. He requests the assistance of appointed counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Alfred Witt was charged with first degree murder in the death of his wife. Following a bench trial, Witt was convicted of assault with intent to commit murder and sentenced to serve 35 to 75 years' imprisonment. The conviction was affirmed by the Michigan Court of Appeals; the Michigan Supreme Court denied Witt's application for leave to appeal.
 
 
 3
 In his petition for a writ of habeas corpus, Witt claimed that he received insufficient notice of the charge of assault, that the evidence was insufficient to support the conviction, that the trial court erred by failing to articulate findings of fact to support the verdict, and that his sentence was improperly enhanced based on his refusal to admit guilt. He also claimed factual innocence.
 
 
 4
 Upon review, we conclude that the petition was properly dismissed; review of the record shows that Witt was not denied a fundamentally fair trial. See Williamson v. Parke, 963 F.2d 863, 865 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992).
 
 
 5
 Witt claimed first that he was denied fair notice of the assault charge. Under Michigan law, the offense of conviction, assault with intent to commit murder, is a cognate lesser offense of the primary charge, first degree murder. People v. Williams, 374 N.W.2d 158, 162 (Mich.App.1985), appeal denied, 430 N.W.2d 148 (Mich.1988). A cognate lesser offense is an offense which may share several but not all of the elements of the originally charged offense and which is in the same class or category. People v. Jones, 236 N.W.2d 461, 464 (Mich.1975). Whether a defendant charged with the greater offense has notice of the cognate offense depends on whether, under the circumstances, the defendant had reasonable notice of the charges and a fair hearing in open court. Paterno v. Lyons, 334 U.S. 314, 320 (1948).
 
 
 6
 Second, Witt claims that the evidence was insufficient to support the conviction for assault with intent to commit murder because, when viewed in a light favorable to the prosecution, a reasonable trier of fact could not have found that all the elements of the offense were established beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). Witt maintained that his wife died of a cocaine overdose and that his attempts to revive her using cardiopulmonary resuscitation (CPR) were unsuccessful. The prosecution sought to prove that the victim was strangled.
 
 
 7
 Witt claimed next that the trial court's failure to articulate findings of fact to support the verdict denied him due process. To the extent Witt complained that the failure to make specific findings was contrary to state law, his claim is not cognizable in a federal habeas petition. See Wainwright v. Sykes, 433 U.S. 72, 81 (1977). Moreover, review of the record shows that the trial court summarized the trial testimony and concluded that the elements of the offense of assault with intent to commit murder were met.
 
 
 8
 Witt's claim that his sentence was improperly enhanced based on his refusal to admit guilt does not set forth a basis for habeas relief. The Sixth Amendment does not prevent the sentencing court from considering a denial of responsibility or lack of remorse. United States v. Watt, 910 F.2d 587, 592 (9th Cir.1990). Moreover, a strategy of denying culpability may lower a defendant's chances for a lesser penalty but does not infringe on the Fifth Amendment. Id.
 
 
 9
 In conclusion, neither Witt's assertion of innocence nor the trial court's failure to determine whether the death was caused by the cocaine overdose or by strangulation establishes that he had inadequate notice of the lesser offense of assault, that the assault conviction is not supported by sufficient evidence, or that the sentence was imposed in violation of Witt's Fifth and Sixth Amendment rights. The district court fully discussed the issue in a 33-page memorandum opinion. We affirm in all respects. Rule 9(b)(3), Rules of the Sixth Circuit.