RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0173p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

     *Plaintiff-Appellee,*

 *v.*

NICKLESS WHITSON,

     *Defendant-Appellant.*

No. 22-5462

─────────────────

Appeal from the United States District Court for the Middle District of Tennessee at Nashville.
No. 3:12-cr-00013-2—Eli J. Richardson, District Judge.

Decided and Filed:  August 10, 2023

Before:  SUTTON, Chief Judge; MOORE and WHITE, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:**  Dumaka Shabazz, Molly Rose Green, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Nashville, Tennessee, for Appellant.  Cecil W. VanDevender, Philip H. Wehby, UNITED STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for Appellee.

 MOORE, J., delivered the opinion of the court in which WHITE, J., joined.  SUTTON, C.J. (pp. 14–17), delivered a separate dissenting opinion.

─────────────────

## OPINION

─────────────────

 KAREN NELSON MOORE, Circuit Judge.  In 2011, Nickless Whitson participated in two Hobbs Act robberies.  He was charged with and convicted of eight crimes at trial and sentenced to 1,252 months of incarceration.  After several appeals, through which four of his convictions were vacated, he was resentenced in May of 2022 to 360 months of incarceration.

Whitson contends that his sentence was procedurally and substantively unreasonable.  He argues that the district court made four errors:  first, it speculated that Whitson's difficult upbringing made him more likely to reoffend, in spite of evidence to the contrary; second, it failed to make an "individualized assessment" of Whitson's background; third, it impermissibly required Whitson to admit his guilt in order to consider fully evidence of his rehabilitation while incarcerated; and fourth, it did not properly weigh the evidence of his rehabilitation.  We conclude that the district court committed plain error by requiring Whitson to admit his guilt in order to consider fully the evidence of his rehabilitation.  We therefore **VACATE** Whitson's sentence and **REMAND** for resentencing.

## I.  BACKGROUND

In 2011, Nickless Whitson led and participated in two Hobbs Act robberies with co-conspirators in an attempt to obtain drugs and cash.  In both robberies, there were victims:  in the first, the group tied up a woman, threatened to kill her, and kicked her in the face; in the second, the group restrained a couple, threatened to burn the woman alive, and shot the man in the chest, causing life-threatening and debilitating injuries.  Whitson was initially convicted of eight crimes for his involvement in these robberies and sentenced to 1,252 months' incarceration.  R. 1004 (Judgment at 1–2) (Page ID #5003–04).  Among his convictions were two counts of conspiracy to commit Hobbs Act robbery, one count each of aiding and abetting the possession of a firearm in connection with a drug-trafficking crime and in connection with a crime of violence under § 924(c), respectively, and one count each of brandishing a firearm in connection with a drug-trafficking crime and in connection with a crime of violence under § 924(c), respectively.  *Id.* at 1 (Page ID #5003).

On appeal, we vacated two of his § 924(c) convictions for violating the Double Jeopardy Clause.  *United States v. Whitson*, 664 F. App'x 503, 507 (6th Cir. 2016).  By agreement of the parties, the district court vacated the two § 924(c) convictions for brandishing a firearm or aiding and abetting possession of a firearm in connection with a drug-trafficking crime.  R. 1047 (2d Am. J. at 1) (Page ID #5271).  When the Supreme Court decided in *United States v. Davis*, 139 S. Ct. 2319 (2019), that conspiracy to commit a Hobbs Act robbery did not qualify as a crime of violence, Whitson filed a § 2255 motion arguing that his two remaining § 924(c) convictions

should be vacated because they relied on conspiracy to commit Hobbs Act robbery as predicate crimes of violence. *Whitson v. United States*, No. 3:18-cv-00833, R. 1 (§ 2255 Mot. at 5) (Page ID #5). The district court granted his § 2255 motion on this ground. *Whitson v. United States*, No. 3:18-cv-00833, R. 45 (Mem. Op. at 13–15) (Page ID #716–18). Whitson was therefore resentenced on the four remaining convictions in 2022, after spending more than ten years in federal prison. R. 1259 (3d Am. J. at 1).

By all accounts, since his conviction in 2011, Nickless Whitson has changed his life. He has participated in numerous educational programs while incarcerated, amounting to nearly three hundred hours of study. R. 1255 (Def. Sent'g Mem. at 6–7) (Page ID #6048–49). He has maintained employment as a cook in the prison facility for the past five years, obtaining outstanding work performance ratings. *Id.* at 7 (Page ID #6049). He has become a leader of his faith community in prison. *Id.* at 8 (Page ID #6050). He is a mentor to other incarcerated men. R. 1255-5 (Letters of Support at 8–10) (Page ID #6129–32). He has not received a single disciplinary infraction in the more than ten years he has been incarcerated. R. 1255 (Def. Sent'g Mem. at 6) (Page ID #6048). And he has rebuilt his relationship with members of his family. *Id.*

Whitson's lawyer presented this evidence to the district court at resentencing and requested a downward variance to 240 months from the guideline range of 360 to 1042 months, based on his traumatic upbringing and his rehabilitation. The government requested a within-guidelines sentence of 420 months. The district court considered Whitson's rehabilitation as part of the § 3553(a) factors, stating that his rehabilitation would "inure[] substantially to [his] benefit." R. 1264 (Sent'g Hr'g Tr. at 84) (Page ID #6265). But the district court also expressed its belief that there could be no true rehabilitation without remorse, and there could be no remorse without an admission of guilt. The district court explicitly stated that:

> [F]rom the beginning, his position was that he was not guilty. . . . and I understand that, that, you know, he's never had anything but a not guilty plea, so he's going to avoid saying anything that's an admission. And an admission is necessarily [sic] to express remorse. It really is. . . .
>
> The remarks about remorse were too general. And Mr. Whitson is entitled, for whatever reason, because he's taking the position he's not guilty or, in a sense, he's still sort of protecting his legal rights in some sense. He can do that. But if

he's doing that, he's not showing remorse. There wasn't one ounce of empathy for the people that were brutalized here.

And I mentioned that he will receive a better sentence than he would have got without some of this progress that he has made. But he'll get less than he would have if he had expressed remorse. And that's just the result of the position he takes and has taken about, you know, basically declining to go there, declined to go there with these—with these crimes, with these victims.

R. 1264 (Sent'g Hr'g Tr. at 85–87) (Page ID #6266–68). The district court reasoned that because Whitson had not admitted to the offense conduct and specifically expressed remorse for the victims of his Hobbs Act robberies, the court could not deem Whitson to have been rehabilitated. *Id.* at 85–86 (Page ID #6266–67). The court proceeded to weigh the other § 3553(a) factors and ultimately imposed a within-guidelines sentence of 360 months. *Id.* at 100 (Page ID #6281). Whitson's attorney objected that he did not "believe the Court properly gave enough weight to his history and characteristics, including the changes that he has made." R. 1264 (Sent'g Hr'g Tr. at 102) (Page ID #6283). On appeal, Whitson challenges the procedural and substantive reasonableness of his sentence.

## II. ANALYSIS

### A. Procedural Reasonableness

Whitson argues that the district court considered an impermissible factor in imposing his sentence: his failure to admit guilt.[1] This is best categorized as a procedural error. *United States*

---

[1]The dissent contends that Whitson did not raise a Fifth Amendment argument in his brief on appeal, pointing out that the table of contents and summary of the argument are devoid of the phrase "Fifth Amendment," and concluding that there was no argument with which to engage. *But see United States v. Clemons*, 999 F.2d 154, 158–59 (6th Cir. 1993) (concluding that defendant had not waived his Fifth Amendment argument when he cited cases in which courts considered the precise Fifth Amendment argument he wished to make on appeal and held in the defendants' favor). But the table of contents, the issues presented, the summary of the argument, and the headings of Whitson's brief state clearly Whitson's contention that the district court "impermissibly expected Mr. Whitson to make certain specific expressions of remorse." Appellant Br. at ii, 3, 14, 21. The specific expression of remorse the district court expected from Whitson was an admission of guilt, as Whitson made evident by pointing specifically to the district court's statements that "rehabilitation is 'dependent on admitting this and showing a desire to make it right with the specific victims' and 'an admission is necessar[]y to express remorse.'" Appellant Br. at 22. Whitson argues that the district court relied on his "silence" to determine that he was not remorseful and thereby not rehabilitated, and then quotes *Ketchings v. Jackson*, 365 F.3d 509, 512 (6th Cir. 2004), for its proposition that the Fifth Amendment right extends to the sentencing phase of trial. *Id.* at 22–23. *Ketchings* is a Sixth Circuit case concluding that a sentencing court may not penalize a defendant for their failure to admit guilt because it violates clearly established federal law involving the Fifth Amendment. 365 F.3d at 512, 514. It is sufficiently clear to us that Whitson has argued that the district court's expectation that he make a "specific expression of remorse"—that

*v. Cabrera*, 811 F.3d 801, 809 (6th Cir. 2016). Judges may consider a defendant's remorsefulness or lack thereof when determining an appropriate sentence. *See In re Cook*, 551 F.3d 542, 551 (6th Cir. 2009) (collecting cases). But they may *not* require a defendant to relinquish their Fifth Amendment right against self-incrimination or punish them for refusing to do so. *Ketchings v. Jackson*, 365 F.3d 509 (6th Cir. 2004); *Cabrera*, 811 F.3d at 809. And while courts may consider the presence or absence of remorse at sentencing, they may not "cloak[] an impermissible sentencing factor . . . in a permissible one" or "punish [defendants] for exercising [their] Fifth Amendment right[s] against self-incrimination." *Cabrera*, 811 F.3d at 811.

There is a fine line between consideration of a defendant's acceptance of responsibility as relevant to § 3553 and penalizing a defendant for maintaining their right to avoid self-incrimination, and in this case the district court fell on the wrong side of that line. In *Ketchings*, this court acknowledged the Supreme Court's holding that a defendant's Fifth Amendment right against self-incrimination continues through the sentencing phase of a trial. 365 F.3d at 512. We granted habeas relief to a Michigan state prisoner who did not admit to his offense of conviction, reasoning that the sentencing-court transcript showed that the sentencing court was not "merely addressing the factor of remorsefulness in the context of defendant's rehabilitative potential." *Id.* at 513. At sentencing, the state trial judge explicitly stated that "if you don't think you did anything wrong to start with and you don't accept what a jury says . . . [h]ow can you be rehabilitated? . . . [Y]ou can't be rehabilitated if you say you didn't do anything." *Id.* We held that referring negatively to the defendant's "continued assertion of his belief in his innocence" and implying that the defendant "would be sentenced more leniently if he . . . gave up his Fifth Amendment privilege to refuse . . . to admit guilt" violated the Fifth Amendment and that the Michigan Court of Appeals unreasonably applied clearly established Supreme Court precedent when it found no error and declined to vacate the resulting sentence. *Id.* at 513–14 (quotation omitted)). We further held that, because the defendant had given a lengthy statement expressing remorse without admitting to the offense of conviction, the sentencing judge had not "concerned

---

expression being an admission of guilt—was impermissible because it is precluded by the Fifth Amendment. The fact that the United States failed to address the argument in its brief is irrelevant, as we have never held that a party waived an argument simply because its opponent failed to respond to it. And the fact that Whitson did not raise the argument again in his reply is a feature of the government's failure to address it, for reply briefs respond only to the arguments put forth by the appellee in its principal brief. *See United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002).

himself only with remorsefulness," but had partially based the defendant's sentence on his refusal to admit guilt.

We are faced with a remarkably similar situation here. R. 1264 (Sent'g H'rg Tr. at 85–87) (Page ID #6266–68). The district court explicitly stated that it would not consider Whitson adequately remorseful and thus rehabilitated unless he admitted to the conduct for which he was convicted, just as the sentencing court did in *Ketchings*. *Id.*; *see Ketchings*, 365 F.3d at 513. And even more explicitly here than in *Ketchings*, the district court stated that had Whitson "expressed remorse" in the way that the district court wished—by admitting to criminal conduct and apologizing directly to the victims, thereby relinquishing his Fifth Amendment right to refuse to self-incriminate—he would have received a shorter sentence. R. 1264 (Sent'g Hr'g Tr. at 87) (Page ID #6268) ("[H]e'll get less than he would have if he had expressed remorse. And that's just the result of the position he takes and has taken about, you know, basically declining to go there, declined to go there with these—with these crimes, with these victims.").

The district court considered Whitson's failure to admit guilt determinative of whether Whitson was remorseful and thus rehabilitated, though Whitson, like the defendant in *Ketchings*, made statements of remorse that would not imperil his pending postconviction petitions. Whitson, in a letter to the court before his resentencing, stated that "I wait patiencely [sic] daily to be given the chance to right my wrongs from my past. My past irrational decisions has [sic] hurt my family and community. . . . I have never . . . had the chance to look those whom I have wronged in the past in the eyes as a man and ask them for their forgiveness." R. 1255-3 (Whitson Sent'g Letter at 9) (Page ID #6109). He expressed that he wanted a "chance to right [his] past wrongs." *Id.* at 10 (Page ID #6110). In his allocution, he expressed that he wished he could change "all of this" and "take a different route," and that he had determined to use his time in prison "to educate [him]self and try to make amends to anybody [he] ha[d] ever wronged." R. 1264 (Sent'g Hr'g Tr. at 58–60) (Page ID #6239–41). While Whitson's lawyer noted that Whitson had not apologized directly to the victims and expressed remorse in the way the district court wished, counsel represented "that's because he had a good attorney who told him while this is going on, you can't talk to anybody about any aspect of this case. You don't know what one single statement could bring enhancements, could doom your appeal. . . . That is why he has not

outlined this." *Id.* at 67 (Page ID #6248). The district court acknowledged that Whitson's statements expressed remorse, but stated its belief that they were insufficiently specific and that without an "admission," it refused to consider Whitson remorseful and therefore considered his evidence of rehabilitation "really undercut."[2] *Id.* at 84, 85 (Page ID #6265, 6266).

The district court was required to base Whitson's sentence on permissible factors. *See United States v. Recla*, 560 F.3d 539, 545 (6th Cir. 2009) ("When the sentencing court considers an impermissible factor in calculating a defendant's sentence, a reviewing court will vacate and remand for resentencing."). "In general, we have found reversible error where a district judge relies on a factor that is neither enumerated in nor consistent with the Sentencing Guidelines or 18 U.S.C. § 3553(a)." *Cabrera*, 811 F.3d at 808.

Here, the district court quite clearly considered Whitson's refusal to admit guilt when fashioning his sentence. The court stated in the sentencing hearing that Whitson's decision not to admit guilt negatively impacted the court's assessment of his rehabilitation. And it further stated that Whitson would receive a longer sentence than he would have if he had expressed remorse in the way that the court wished—which was by admitting guilt. R. 1262 (Sent'g Hr'g Tr. at 87) (Page ID #6268). It is quite clear that the district court used Whitson's exercise of his Fifth

---

[2]Whitson's expressions of remorse and acknowledgement that he made mistakes and the differences between the district courts' statements distinguish this case from *United States v. Daneshvar*, 925 F.3d 766 (6th Cir. 2019). In *Daneshvar*, the district court "explained that the real issue" was not that the defendant had decided to go to trial, it "was that [the district court] 'ha[d] not seen anything where the doctor . . . says I made a mistake, I was wrong, I should be punished. Nowhere have I seen that.'" *Id.* at 789 (second alteration in original). We held that the district court had not considered Daneshvar's decision to go to trial, but instead considered Daneshvar's remorse, or lack thereof, in determining his sentence, and that this was not plain error. *Id.* at 788. The *Daneshvar* court also reasoned that "[Daneshvar's] continued efforts to deny his involvement demonstrated a failure to take responsibility for his crime and a lack of remorse for the harm he had caused. The judge could have reasonably concluded that [Daneshvar]'s dishonesty regarding important pieces of evidence indicated that he had not fully accepted responsibility for his participation in the conspiracy." *Id.* (quoting *United States v. Mitchell*, 681 F.3d 867, 884 (6th Cir. 2012)) (alterations in original). Here, there is no suggestion that Whitson made protestations of innocence or misrepresentations about evidence before the sentencing court; he simply did not admit his guilt in his colloquy. And the statement the district court was requiring Whitson to make was not an acknowledgement that he had made a mistake and should be punished, because Whitson had already made statements to that effect. *See* R. 1255-3 (Whitson Sent'g Letter at 9) (Page ID #6109); R. 1264 (Sent'g Hr'g Tr. at 57–61) (Page ID #6238–42) (acknowledging the mistakes he made and expressing that he was grateful for having been prosecuted and sent to prison); *see also id.* at 76–77 (Page ID #6257–58) (discussing how Whitson sought a still-lengthy sentence of twenty years and not time served). Instead, the district court in this case made clear that it was unsatisfied without an express admission of guilt. R. 1264 (Sent'g Hr'g Tr. at 84) (Page ID #6265).

Amendment right against self-incrimination as a factor in determining his sentence.[3]  And we have held that a district court may not consider a defendant's failure to take the stand as a factor because it "effectively punish[es] [the defendant] for exercising [their] Fifth Amendment right against self-incrimination."  *Cabrera*, 811 F.3d at 808.  The Supreme Court has repeatedly held that the government "may not impose substantial penalties" on an individual because they have exercised their Fifth Amendment rights.  *Lefkowitz v. Cunningham*, 431 U.S. 801, 805 (1977); *see also Garner v. United States*, 424 U.S. 648, 657 (1976); *Minnesota v. Murphy*, 465 U.S. 420, 435 (1984) ("[I]f the State, either expressly or by implication, asserts that the invocation of the [Fifth Amendment] privilege would lead to revocation of probation, it would have created the classic penalty situation.").  Considering a defendant's exercise of his Fifth Amendment rights by refusing to self-incriminate as a factor in their sentence is likewise impermissible.  A defendant must "suffer no penalty" for remaining silent.  *See Estelle v. Smith*, 451 U.S. 454, 468 (1981).  Using a defendant's refusal to self-incriminate to discount his propounded evidence of his rehabilitation and remorse, and then imposing a longer sentence on that basis, must constitute impermissible punishment under our precedent and under the Supreme Court's precedent.

The district court penalized Whitson when it required that he admit guilt in order for the court to consider fully evidence of his rehabilitation—evidence that the Supreme Court has stated is "highly relevant" to several of the § 3553(a) factors, is "plainly [] relevant to 'the history and characteristics of the defendant,'" and provides "the most up-to-date picture" of those characteristics, *Pepper v. United States*, 562 U.S. 476, 491–92 (2011) (quoting § 3553(a)(1)). This is penalizing the defendant.  The district court is *required* to consider the § 3553(a) factors. *See* 18 U.S.C. § 3553(a) ("[T]he court, in determining the particular sentence to be imposed, *shall* consider" the 3553(a) factors (emphasis added)).  To discount evidence "plainly [] relevant" to those factors because a defendant has declined to admit guilt and to impose a longer sentence

---

[3]This is distinct, as well, from *United States v. Mitchell*, 681 F.3d 867 (6th Cir. 2012).  In *Mitchell*, a panel of this court affirmed a district court's sentence, concluding that a district court did not give an unreasonable amount of weight to the defendant's "failure to take responsibility for his actions and his lack of remorse."  *Id.* at 884.  The dissent quotes from *Mitchell* as if to suggest that it has particular relevance to this case, but the district court in *Mitchell* found that the defendant's dishonesty on the witness stand showed that he was not remorseful and had not accepted responsibility for his offense of conviction, and imposed a harsher sentence on that basis.  *Id.*  *Mitchell* therefore has no bearing on whether a district court may consider a defendant's refusal to self-incriminate as a factor in fashioning their sentence.

on a defendant on that basis constitutes impermissible punishment.  The district court knew that Whitson was in the midst of an appeal of his § 2255 proceedings and had been instructed by his attorney not to admit to committing the crimes to avoid imperiling that appeal, and the court also knew that Whitson's right against self-incrimination extended to sentencing.  R. 1262 (Sent'g Hr'g Tr. at 67) (Page ID #6248).  The district court should not have penalized him for refusing to abandon his Fifth Amendment right against self-incrimination by discounting his evidence of rehabilitation and explicitly issuing a longer sentence for that reason.  In doing so, the district court impermissibly used Whitson's exercise of his Fifth Amendment rights to determine his sentence, which was procedurally unreasonable.

The dissent rightly notes that we, along with our sibling circuits, distinguish between generally permissible denied benefits and impermissible punishment in this context.  *See* Diss. Op. at 16 (collecting cases); *see also United States v. Clemons*, 999 F.2d 154, 161 (6th Cir. 1993) (characterizing U.S.S.G. § 3E1.1, which provides for a reduced offense level upon acceptance of responsibility, as offering a benefit that may be denied to a defendant who does not plead guilty without violating the Fifth Amendment).  Many provisions in our sentencing laws offer incentives, or rewards, for accepting responsibility, assisting government investigations, and revealing offense details, including U.S.S.G. §§ 3E1.1, 5K1.1 and 18 U.S.C. § 3553(f).  The Supreme Court has "squarely held that a State may encourage a guilty plea by offering substantial benefits in return for the plea," and has stated that "not every pressure or encouragement to waive . . . a right[] is invalid."  *Corbitt v. New Jersey*, 439 U.S. 212, 218, 219 (1978).  It is therefore uncontroversial in this circuit that denying a defendant a sentencing *benefit* because they have declined to self-incriminate is permissible.

The dissent is wrong, however, to suggest that this is a case of a denied benefit.  Diss. Op. at 16–17.  It attempts to recast our opinion as holding that the district court erred by refusing to award Whitson his requested variance—a benefit—based on his failure to admit guilt.  But that is frankly inaccurate.[4]  At issue is the district court's discounting of Whitson's evidence of remorse and rehabilitation, not its decision to deny Whitson a variance, though it may have incidentally

---

[4]The dissent's ominous assertion that our reasoning "threatens to sweep away key pillars of federal sentencing," Diss. Op. at 17, relies on its inaccurate characterization of our holding.

had that effect. The district court was entitled to consider Whitson's demeanor and his words and determine whether Whitson's statements of remorse were genuine in light of all the circumstances. But the district court was not entitled to discount evidence of the defendant's remorse or rehabilitation—evidence plainly encompassed by the § 3553(a) factors, which a district court "shall consider" in a sentencing proceeding—because Whitson refused to self-incriminate. *See* 18 U.S.C. § 3553(a). It is this failure to consider fully the evidence as to the § 3553(a) factors because Whitson had not admitted guilt, as well as the imposition of a longer sentence on that basis, that constitutes the impermissible punishment, not the fact that the sentence the district court imposed had the effect of denying a variance. Had the district court sentenced Whitson to 359 months and made the very same statements, we would reach the same conclusion.

Whitson's counsel did not make a contemporaneous objection that the district court had violated Whitson's Fifth Amendment rights, and therefore we must review the district court's decision not for abuse of discretion but for plain error. A plain error must be "clear or obvious" under current law, *United States v. Oliver*, 397 F.3d 369, 379 (6th Cir. 2005), and not "subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009). A defendant must show "(1) error (2) that 'was obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)). Our decisions in *Ketchings* and *Cabrera* make perfectly clear that it violates a defendant's Fifth Amendment rights to penalize them for exercising their right to refuse to self-incriminate. *Cabrera*, 811 F.3d at 811–12. As we emphasized in *Cabrera*, the right against self-incrimination is a "fundamental trial right of criminal defendants," and violating "a bedrock protection of the Fifth Amendment is not 'subject to reasonable dispute.'" *Id.* (first quoting *McKinley v. City of Mansfield*, 404 F.3d 418, 437 (6th Cir. 2005), and then quoting *Puckett*, 556 U.S. at 135). And in *Cabrera*, we explicitly held that a defendant's silence is an impermissible sentencing factor. *Cabrera*, 811 F.3d at 812. In *Ketchings*, we analyzed analogous facts in the context of a § 2254(d) motion for habeas corpus relief and concluded a state court of appeals unreasonably applied clearly established Supreme Court law when it approved a sentence where there was significant evidence—as there is in this case—that the

sentencing judge improperly took the petitioner's failure to admit guilt into account at sentencing. 365 F.3d at 514. In that case, the petitioner had to overcome the high bar and great deference we accord to the state courts when reviewing their decisions upon a petition for habeas relief. It was clearly established as early as 2004 that a sentencing judge may not penalize a defendant at sentencing for refusing to admit guilt. And we held that it was plain error to consider a defendant's silence as a sentencing factor in 2016. *Cabrera*, 811 F.3d at 811. The district court's error was therefore obvious or clear.

It is clear from the sentencing transcript that consideration of Whitson's exercise of his Fifth Amendment rights directly affected the length of the sentence the district court imposed upon him, R. 1264 (Sent'g Hr'g Tr. at 87) (Page ID #6268), and therefore affected Whitson's substantial rights and the fairness of his sentencing. *See United States v. Hobbs*, 953 F.3d 853, 857 (6th Cir. 2020) ("An error affects a defendant's substantial rights if there is 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted))). As a result, we conclude that the district court plainly erred by requiring an admission of guilt from Whitson in order to consider fully his evidence of rehabilitation.

**B. Substantive Reasonableness**

Whitson also challenges his sentence on the basis that the district court impermissibly speculated that Whitson's troubled upbringing made it more likely that Whitson would reoffend. Whitson characterized this challenge as procedural, but he objected in court and in his appellate brief that the district court did not properly "weigh and consider" Whitson's traumatic background. Appellant Br. at 16. He also challenges the weight that the district court gave the evidence of his rehabilitation. Appellant Br. at 25. Challenges to the weight given to a particular sentencing factor are challenges to the substantive reasonableness of a sentence, rather than procedural reasonableness. *See United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). A within-guidelines sentence is presumptively substantively reasonable. *Vonner*, 516 F.3d at 389. We review claims of substantive reasonableness for an abuse of discretion. *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019).

Whitson takes issue with the district court's statements suggesting that his troubled upbringing might have resulted in "ingrained" "antisocial behavior" making it impossible for him to rehabilitate. R. 1264 (Sent'g Hr'g Tr. at 88) (Page ID #6269). The district court also suggested that if Whitson was really capable of rehabilitation, he would have changed after one of his other felony convictions and before the Hobbs Act robberies for which he was being sentenced. *Id.* at 89 (Page ID #6270). Whitson argues that these statements show the district court was relying on an unfounded speculation that his upbringing made it more likely that he would continue to reoffend. Appellant Br. at 16–17. As a result, Whitson contends that the district court did not appropriately weigh his background and history. His challenge on this basis relates closely to his objection that the district court did not properly weigh the evidence of his rehabilitation.

The government suggests that evidence supports the district court's finding that Whitson's traumatic childhood might increase his risk of recidivism. Indeed, Whitson's own sentencing memorandum argued that childhood stressors have long-term effects that may lead to personality disorders, delinquency, and violence. R. 1255 (Def. Sent'g Mem. at 14–15) (Page ID #6056–57). Though it may perhaps be true that evidence of a troubled childhood presents a "double-edged sword" at an initial sentencing because a court cannot at that stage of the proceedings know whether a defendant is capable of change, upon resentencing under the circumstances presented here such concerns cannot bear the same weight. Since Nickless Whitson was convicted in 2011, he has changed his life drastically. This remained true when he believed his sentence would be for 1252 months, or 104 years—an effective life sentence. It remained true when, after his first resentencing, he believed his sentence would be 652 months, or fifty-four years. Though a court at an initial sentencing may perhaps reasonably question whether a defendant's troubled upbringing will prevent them from conforming their behavior, Whitson has demonstrated for over eleven years that despite his upbringing and despite the risk factors in his childhood that made positive outcomes in adulthood more difficult to achieve, he is able to conform. R. 1264 (Sent'g Hr'g Tr. at 68–70) (Page ID #6249–51) (discussing the adverse childhood experiences ("ACEs") that Whitson endured and that can lead to negative outcomes in adulthood); R. 1255-6 (Adverse Childhood Experiences in Tenn. at 2–3) (Page ID #6140–41) (explaining the concept of ACEs). The abundant evidence that Whitson has produced indicating

that he has been able to behave, has not engaged in violence, and has respected the many rules and restrictions of prison life renders unreasonable the district court's general and otherwise unexplained concern that Whitson's troubled childhood suggests he is not capable of moderating or changing his behavior.  The district court's statements at sentencing—including its belief that rehabilitation is not possible without an admission of guilt—further indicate that the district court discounted the evidence of Whitson's rehabilitation.

Because we have concluded that the sentence is procedurally unreasonable, however, we do not decide whether the district court's sentence is substantively unreasonable.

### III. CONCLUSION

It was plain error for the trial court to require Whitson to admit his guilt in order to consider fully the evidence of Whitson's rehabilitation and remorse.  Supreme Court and Sixth Circuit precedent dictate that defendants' Fifth Amendment rights continue into the sentencing phase of trial.  And Sixth Circuit precedent clearly holds that a defendant's silence is not a permissible sentencing factor and that courts may not require defendants to relinquish their Fifth Amendment rights and admit to their offense conduct in order to be considered remorseful and thus to be considered rehabilitated.  We therefore **VACATE** Whitson's sentence and **REMAND** to the district court for resentencing.

---

**DISSENT**

---

SUTTON, Chief Judge, dissenting.  Nickless Whitson led two violent home-invasion robberies, prompting multiple convictions.  Over the course of a sentencing hearing that stretched more than three hours and 100 transcript pages, the district court properly calculated a Guidelines range of 360 to 1,020 months, heard argument by the parties, and received testimony.  Whitson's was a "tough case," the court acknowledged, with "a variety of nuanced factors."  R.1264 at 107.  Based on a balancing of the § 3553(a) factors and Whitson's evidence of rehabilitation, it imposed a sentence at the bottom of the Guidelines range.  But absent a showing of remorse through an admission of responsibility or an apology to the victims, the court explained, it would not lower the sentence further.

That decision did not violate Whitson's Fifth Amendment rights.  Whitson, to start, never raised any such claim in the district court or in our court.  Not once before the district court did Whitson mention the Fifth Amendment or invoke his right to remain silent.  *See Maness v. Meyers*, 419 U.S. 449, 466 (1975) (explaining that the right is not "self-executing" and "can be affirmatively waived[] or lost by not asserting it in a timely fashion").  Nor did Whitson object on Fifth Amendment grounds when given the opportunity following the court's imposition of the 360-month sentence.

In our court, his briefs claim only that the district court engaged in impermissible speculation and erroneous fact-finding, not constitutional error.  Appellant's Br. 21 (faulting the court for "expect[ing] [him] to make certain specific expressions of remorse and rel[ying] on an unsubstantiated theory that rehabilitation requires certain admissions").  The headings in the table of contents refer only to prohibited "speculat[ion]" regarding Whitson's upbringing and likelihood of reoffending, failure to make an "individualized assessment" of his background, reliance on an "unsubstantiated theory" of rehabilitation leading to an improper "expect[ation]" of remorse, and insufficient "weigh[t]" given to his "rehabilitation."  *Id.* at i–ii.  The summary of argument says nothing about the Fifth Amendment.  And the rest of the body of the brief returns

that silence with still more silence. The most one could say is that a block quote, used to support a *factual* argument, mentions the Fifth Amendment by happenstance. Whitson's reply brief reverberates with still more silence. The government, no surprise, never engages with any Fifth Amendment argument because there was nothing to engage.

By any measure, Whitson forfeited, if not waived, this constitutional challenge to his sentence. *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc); *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006). It is no small matter when courts resolve appeals on grounds never presented below, never raised in the briefs on appeal, and never argued on appeal. *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1578 (2020) (reversing a court for resolving a case based on arguments not presented by the litigants).

Plain error at a minimum applies to these serial forfeitures. *United States v. Mullet*, 822 F.3d 842, 848 (6th Cir. 2016). Because no case in this circuit precludes a court from considering a defendant's failure to admit responsibility in denying him a further sentencing benefit, any error cannot be plain. *See Vonner*, 516 F.3d at 386. That should end the matter.

Still, I would be deeply skeptical even of a preserved and argued Fifth Amendment claim in this setting. A court, it is true, may not "punish" a defendant for exercising a constitutional right. *See United States v. Cabrera*, 811 F.3d 801, 812 (6th Cir. 2016); *Ketchings v. Jackson*, 365 F.3d 509, 512–14 (6th Cir. 2004). But a court may *reward* a defendant for breaking his silence or foregoing a trial—for sacrificing, in short, his Fifth and Sixth Amendment rights. *United States v. Clemons*, 999 F.2d 154, 160–61 (6th Cir. 1993) (affirming the constitutionality of the acceptance-of-responsibility reduction). While sentencing rewards might "affect how criminal defendants choose to exercise their constitutional rights," "not every pressure or encouragement to waive . . . [a right] is invalid." *United States v. Cordell*, 924 F.2d 614, 619 (6th Cir. 1991) (quoting *Corbitt v. New Jersey*, 439 U.S. 212, 218 (1978)).

This distinction between punishments and rewards conspicuously applies when a district court balances the § 3553(a) factors. A court, for example, may consider a defendant's refusal to participate in a psychosexual evaluation when deciding whether to grant a sentencing reduction for a lack of "future dangerousness." *United States v. Kennedy*, 499 F.3d 547, 550–52 (6th Cir.

2007). Or a court may weigh a defendant's failure to accept responsibility "in considering the [other] § 3553(a) factors" and denying a sentencing benefit. *United States v. Mitchell*, 681 F.3d 867, 884 (6th Cir. 2012). Or a court may consider a defendant's refusal to admit that he "made a mistake" in weighing "remorse." *United States v. Daneshvar*, 925 F.3d 766, 788–89 (6th Cir. 2019); *see also United States v. Williams*, 520 F. App'x 420, 425–26 (6th Cir. 2013); *Pollard v. Macauley*, No. 19-2498, 2020 WL 3499215, at *3 (6th Cir. Apr. 21, 2020) (order); *Trotter v. Berghuis*, No. 17-2530, 2018 WL 11447868, at *5 (6th Cir. Nov. 20, 2018) (order); *Witt v. Prelesnik*, No. 92-2354, 1993 WL 473696, at *2 (6th Cir. Nov. 15, 1993) (order).

Every circuit recognizes the distinction between sentencing rewards and punishments. *See, e.g.*, *United States v. Rosario-Peralta*, 199 F.3d 552, 570–71 (1st Cir. 1999); *United States v. Parker*, 903 F.2d 91, 105–06 (2d Cir. 1990); *United States v. Cohen*, 171 F.3d 796, 805–06 (3d Cir. 1999); *United States v. Frazier*, 971 F.2d 1076, 1081–87 (4th Cir. 1992); *United States v. Preciado-Delacruz*, 801 F.3d 508, 511–12 (5th Cir. 2015); *United States v. Cojab*, 978 F.2d 341, 343–44 (7th Cir. 1992); *United States v. McQuay*, 7 F.3d 800, 802–03 (8th Cir. 1993); *United States v. Gonzalez*, 897 F.2d 1018, 1020–21 (9th Cir. 1990); *United States v. Portillo-Valenzuela*, 20 F.3d 393, 395 (10th Cir. 1994); *United States v. Henry*, 883 F.2d 1010, 1011–12 (11th Cir. 1989) (per curiam); *United States v. Jones*, 997 F.2d 1475, 1477–78 (D.C. Cir. 1993) (en banc).

The district court's decision falls on the permissible side of this punishment/reward line. At the sentencing hearing, Whitson asked for a downward variance from the 360- to 1,020-month Guidelines range based on his rehabilitation. The court acknowledged Whitson's exemplary prison conduct and rewarded him, selecting a sentence at the bottom of his Guidelines range. But that conduct by itself did not warrant still more relief, the court thought. The court reasoned that Whitson's failure to admit his crimes or apologize to his victims demonstrated a lack of remorse, weakening his claim of full rehabilitation. When weighed against the severity of Whitson's conduct and his extensive criminal history, the court explained, this incomplete rehabilitation did not support a still-lower sentence.

The court's refusal to reward Whitson by varying below the bottom of the Guidelines range was not a punishment for his exercise of a constitutional right. The court indeed

emphasized Whitson's "entitle[ment] . . . [to] tak[e] the position he's not guilty," R.1264 at 86–87, and it confirmed that "Whitson will get credit for rehabilitation," *id.* at 84. The court's consideration of remorse tracked "well established" sentencing practices. *In re Cook*, 551 F.3d 542, 551 (6th Cir. 2009). Our case law emphatically permits such considerations in denying a sentencing benefit, as the court did here. *See Mitchell*, 681 F.3d at 884; *Daneshvar*, 925 F.3d at 789; *Williams*, 520 F. App'x at 425–26.

It makes no difference that Whitson refused to demonstrate remorse to avoid an admission that might have proved detrimental in a future proceeding. Every defendant convicted at trial faces a similar dilemma. If remorse came cheap, it would have trifling worth as an indicator of rehabilitation. And the "exercise of Fifth Amendment rights need not be cost-free." *United States v. Alsante*, 812 F.3d 544, 548–50 (6th Cir. 2016); *see McKune v. Lile*, 536 U.S. 24, 41 (2002) (The "criminal process, like the rest of the legal system, is replete with situations requiring the making of difficult judgments as to which course to follow." (quotation omitted)).

One final problem looms. If applied elsewhere, this reasoning threatens to sweep away key pillars of federal sentencing. Sentencing teems with reductions for accepting responsibility, U.S.S.G. § 3E1.1, assisting government investigations, *id.* § 5K1.1, and revealing offense details, 18 U.S.C. § 3553(f)(5). Under the majority's view, these provisions "requir[e] an admission of guilt" from a defendant and thus violate the Constitution. Op. at 11. Under the Supreme Court's view, however, "not every pressure or encouragement to waive . . . [a right] is invalid." *Corbitt*, 439 U.S. at 218.

I respectfully dissent.